IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HIGHWAY EQUIPMENT COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CIVES CORPORATION and MONROE TRUCK EQUIPMENT, INC., <br><br> Defendants. | No. C04-0147 <br><br> **ORDER** |

_____

This matter comes before the court pursuant to Plaintiff Highway Equipment Company, Inc.'s March 30, 2006 motion for protective order (docket number 38). The plaintiff's motion is granted as set forth in this Order.

Plaintiff Highway Equipment Company, Inc. (HECO) is suing Defendants Cives Corporation (Cives) and Monroe Truck Equipment, Inc. (Monroe), seeking a declaratory judgment that certain of HECO's products do not infringe several patents assigned to Cives and Monroe.[1] The parties attempted to negotiate a protective order, under which to proceed with discovery, but have reached an impasse concerning one provision in HECO's proposed order. The provision at issue, contained in paragraph 6 of HECO's proposed protective order, would prohibit Cives' in-house counsel from reviewing documents designated by HECO as "highly confidential-for attorney's eyes only."[2] Paragraph 6 of HECO's proposed order reads as follows:

---

[1] HECO also seeks an order enjoining the defendants from threatening patent infringement against HECO, as well as reasonable costs and attorney fees.

[2] The defendants object only to Paragraph 6 of HECO's proposed protective order, and do not take issue with the remainder of HECO's proposed order. Accordingly, the court considers only Paragraph 6 of the proposed order.

1

> Limitations on Disclosure of 'Highly Confidential-Attorneys' Eyes Only' Material. Discovery material designated 'Highly Confidential-Attorneys' Eyes Only' may be disclosed only to persons qualifying under Paragraphs 5(a),(c),(d) and (f) above. In-house counsel designated in Paragraph 5(b) and employees designated in Paragraph 5(e) shall not receive access to or disclosure of 'Highly Confidential-Attorneys' Eyes Only' information of a Producing Party or Producing Non-Party, absent the written consent of the Producing Party.

Those portions of Paragraph 5 which are relevant to the denial of access set forth in Paragraph 6, are as follows:

> Limitations on Disclosure of 'Confidential' Material. Discovery Material designated 'Confidential' may be disclosed, summarized, described or otherwise communicated or made available in whole or in part, for the purposes set forth above, to only the following persons:
>
> a. Attorneys, paralegals and support staff of the outside counsel having entered an appearance on behalf of a Party;
>
> b. No more than five (5) designated in-house attorneys of each Party, including immediate and necessary support staff, provided each such in-house attorney is identified to the Producing Party no less than Five (5) Days before disclosure of any Protected Material;
>
> c. The Court, including any Court personnel deemed necessary (e.g. law clerks);
>
> d. Independent Experts or Consultants, and their staff, subject to and conditioned upon compliance with Paragraph 10 of this Stipulated Protective Order;
>
>  . . .
>
> f. Independent litigation support services, including, without limitation, court reporters; graphics or design services; non-technical jury or trial consulting services; and photocopy, document imaging and database services retained by counsel necessary to assist outside counsel with preparation of

> presentation at trial or other court proceedings in this lawsuit, provided each such person has signed a copy of Exhibit A, attached hereto, confirming the person's understanding and agreement to abide by the terms of this Protective Order . . .

HECO asserts that paragraph 6 is necessarily included in the protective order. HECO indicates that the type of information to be designated as "highly confidential-for attorneys' eyes only," may include information concerning manufacturing costs, customer files, pricing information, and other similar business records. Such information is defined in HECO's proposed protective order, at paragraph 3, as follows:

> c. The designation 'Highly Confidential-Attorneys' Eyes Only' shall be reserved for especially sensitive, confidential information-including, without limitation, trade secrets, research, development and design materials, unpublished pending patent applications, license or commercial agreements, commercial or financial information, planning and strategic materials-that could cause substantial harm to [HECO] . . . if disclosed to persons other than those designated . . .

HECO contends that paragraph 6 should be included because (1) the parties in this case are competitors, and disclosing highly confidential financial information could be "extremely damaging" if the information was inadvertently disseminated; (2) those persons at Cives who would have access to the designated information would also be persons who would likely participate in meetings with sales and engineering at Cives, as well as be involved in reviewing patent applications for new products, and it would be unreasonable to expect those persons to "forget" the information that they learn from the designated information and/or refrain from basing their input or advice on the designated information; (3) many cases, similar to this case, proceed successfully through trial without in-house counsel having access to "highly confidential-attorneys' eyes only" documents; (4) if the court grants HECO's motion for protective order, including Paragraph 6, HECO would be required to exercise good faith in designating documents as "highly confidential-attorneys' eyes only," and would be expected to limit the number of such documents to only the most sensitive materials; and (5) the inability of Cives' in-house counsel to have

access to the designated documents would not inhibit or hamper Cives' ability to litigate this matter.

Cives argues that Paragraph 6 should not be included in the protective order because (1) discovery in this matter is not expected to involve any significant amount of that information listed as falling under the designation "highly confidential-attorneys' eyes only,[3]" and therefore excluding in-house counsel from viewing such information is unnecessary; (2) HECO's proposed order already provides, in paragraph 3, that designated material shall not include technical materials "related to the conception, development, design and/or manufacturing of any device . . . or materials relating to advertising or promotion," and accordingly, the inclusion of Paragraph 6 in the protective order is unnecessary; (3) the Federal Circuit Court of Appeals has refused to deny access to in-house counsel where the sole reason for requesting such denial of access is the belief that in-house counsel are more likely than other counsel to unintentionally disseminate highly confidential information, simply by virtue of being in-house counsel[4]; (4) Cives' in-house counsel is "completely involved" in this case, and accordingly, granting HECO's proposed protective order with paragraph 6's denial of access to designated materials would "seriously impair" Cives' ability to litigate this action; and (5) if paragraph 6 is included in the protective order, it is likely that there will be significant disagreement, resulting in further motions being filed, concerning which materials are properly designated as "highly confidential-for attorneys' eyes only."[5]

---

[3] As defined in paragraph 3 of HECO's proposed order.

[4] Cives cites to <u>U.S. Steel Corporation v. United States</u>, 730 F.2d 1465 (Fed. Cir. 1984).

[5] Cives initially offered, by way of compromise and to avoid the need for HECO filing the instant motion, that in addition to one member of its in-house counsel having access to the designated information, one designated employee of each HECO and Monroe could also be given access to the information. Cives withdraws this proposal in its resistance to HECO's motion for protective order.

## Conclusions of Law

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders in discovery, set forth in relevant part as follows:

> Upon motion by a party . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way. . . .

Fed. R. Civ. P. 26(c)(7). "If a motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party . . . provide or permit discovery." Fed. R. Civ. P. 26(c). When considering a motion for protective order, the court's inquiry involves two parts. "First, the party opposing discovery must show that the information is [trade secrets or confidential business information] of a proprietary nature requiring protection, within the meaning of Rule 26(c)(7)." Hartman v. Remington Arms Co., Inc., 143 F.R.D. 673, 674 (W.D. Mo. 1992). Iowa law applies to the determination of whether the documents at issue constitute trade secrets or confidential business information. See Hartman, supra, at 674. If the plaintiff demonstrates that the information sought by the defendant includes trade secrets or confidential business information, the burden then shifts to the defendant to demonstrate both relevance of the documents sought, as well as need. In re Remington Arms Company, Inc., 952 F.2d 1029, 1032 (8th Cir. 1991). If the defendant "successfully shows both relevance and need, then the court must weigh the potential injury from disclosure against the moving party's need for the information." Hartman, supra, at 674. If the plaintiff demonstrates that the documents sought by the defendant are trade secrets or confidential business information, and the defendant shows their relevancy and need, then the court must issue an appropriate protective order to safeguard the rights of the parties. In re Remington Arms, supra, at 1033 (citing Seattle Times v. Rhinehart, 467

U.S. 20, 35 (1984)). If a protective order cannot prevent unauthorized disclosure by the defendant, then the court may find it appropriate to deny production of the documents. Hartman, supra, at 675.

"[S]tatus as in-house counsel, cannot alone create [a] probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access." U.S. Steel Corporation v. United States, 730 F.2d 1465, 1469 (Fed. Cir. 1984). However, "[i]n a particular case, e.g., where in-house counsel are involved in competitive decisionmaking, it may well be that a party seeking access should be forced to retain outside counsel or be denied the access recognized as needed." U.S. Steel, 730 F.2d at 1468. Access to information by retained as well as in-house counsel should be governed by the facts of each case. U.S. Steel, 730 F.2d at 1469-70. It is appropriate to deny access to in-house counsel where the specific facts "indicate a probability that confidentiality, under any form of protective order, would be seriously at risk." Id. at 1469. In the context of cases involving patents, such as the instant action, the Federal Circuit Court of Appeals has recognized the phrase "competitive decisionmaking" as a factor in determining whether counsel should be denied access. See U.S. Steel, 730 F.2d at 1468 n.3. Competitive decisionmaking is defined as "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any of all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." Id.

The defendants do not dispute the fact that the designated materials[6] they seek access to will include some information that could fairly be characterized as trade secrets and/or confidential business information.[7] Likewise, HECO does not contend that the

---

[6] For ease of discussion, the court refers to the information that is yet to be designated by HECO as "highly confidential-for attorneys' eyes only," as "the designated material," while realizing that the information has not yet been designated as such.

[7] As set forth above, the information to be designated is described as HECO as consisting of "especially sensitive, confidential information-including, without limitation,
(continued...)

6

materials that Cives' in-house counsel wants access to are irrelevant to this action. HECO argues only that Cives' in-house counsel should not be permitted to view the materials. Accordingly, the court must consider whether Cives' has established need for the information. To this end, Cives has asserted only that its in-house council has been "completely involved in all aspects of this controversy," and would therefore be inhibited in its ability to litigate this matter if access to the designated materials is denied to in-house counsel. The court finds that Cives has not established that its in-house counsel needs access to the designated information. Cives has not indicated that its outside counsel is somehow less competent to review, consider, and utilize the designated information than its in-house counsel would be. See Id. (citing A. Hirsh Inc., 657 F. Supp. At 1305 ("[I]n view of retained counsel's competence, it is not clear how plaintiff's position will be prejudiced by excluding Mr. Hirsh from access to the nonpublic part of the agency record."). Cives will not be unduly prejudiced by the restricted access, "because other outside counsel have been involved in the litigation from its outset, and they are fully familiar with the facts and disputes at issue." Norbrook Laboratories Limited v. G.C. Hanford Manufacturing Company, 2003 WL 1956214 *5 (N.D.N.Y. 2003) (citing A. Hirsh Inc. v. United States, 657 F. Supp. 1297, 1305 (CIT 1987)).

Even assuming that Cives had established need for its in-house counsel to have access to the designated information, the court finds that the potential injury that could result to HECO by way of disclosing the materials outweighs the need of Cives' in-house counsel to have access to the information. Cives has not denied HECO's asserted belief that Cives' in-house counsel participates in strategy meetings with Cives' sales and management teams, and routinely provide advice concerning the marketability and patentability of Cives' new products. These facts, concerning Cives' yet unnamed in-

---

[7](…continued)
trade secrets, research, development and design materials, unpublished pending patent applications, license or commercial agreements, commercial or financial information, planning and strategic materials." HECO has indicated that this information may include manufacturing costs, customer files.

house counsel's involvement in strategic or competitive decisionmaking for Cives, distinguish this case from U.S. Steel. Specifically, Cives has not demonstrated that its in-house counsel is divorced from competitive decisionmaking. U.S. Steel, 730 F.2d at 1468. As set forth above, the court, in U.S. Steel, determined only that the mere classification as in-house counsel cannot serve as reason enough to deny access to information. The court finds, therefore, that because Cives' has not shown that its in-house counsel has a need for the designated information, and because this case is distinguishable from U.S. Steel, as set forth above, it is appropriate to deny access to the designated information by Cives' in-house counsel.

Upon the foregoing,

IT IS ORDERED that HECO's motion for protective order (docket number 38) is granted. Because the defendants do not object to any portions of HECO's proposed protective order, other than that portion discussed in this Order, the court adopts HECO's proposed protective order, to include the clause set forth in paragraph 6 which denies access to the limited information to be designated by HECO as "highly confidential-for attorneys' eyes only," to Cives' in-house counsel.

May 15, 2006.

JOHN A. JARVEY  
Magistrate Judge  
UNITED STATES DISTRICT COURT