# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

HIGHWAY EQUIPMENT COMPANY, INC.

        Plaintiff,

vs.

CIVES CORPORATION and MONROE TRUCK EQUIPMENT, INC.,

        Defendants.

No. 04-CV-147-LRR

**ORDER**

_____

The matter before the court is Plaintiff Highway Equipment Company, Inc.'s Motion to Allow Presentation of Evidence with Respect to its Reliance on Opinions of Counsel ("Motion") (docket no. 101). Defendants Cives Corporation and Monroe Truck Equipment, Inc. resist the Motion.

In an Order (docket no. 50) dated July 3, 2006, the court required Plaintiff to "advise Defendants by July 31, 2006 whether it intends to rely on any opinion of counsel with respect to non-infringment or invalidity." Before the deadline expired, Plaintiff notified Defendants that it did not intend to rely on any opinion of counsel.

On November 20, 2006, Plaintiff filed the instant Motion. In the Motion, Plaintiff states that it has changed its mind and now wishes to rely "on prior oral and written opinions of counsel in connection with the issue of willful infringement." Motion, at 1. Plaintiff does not offer any excuse for changing its mind after the deadline; instead, Plaintiff contends that Defendants would suffer "absolutely no prejudice" if the Motion were granted, because (1) Plaintiff waived its claim of privilege before certain depositions were taken on the issue of willful infringment; (2) Plaintiff produced certain documents before such depositions; (3) Defendants questioned Messrs. Podell and Rissi extensively on the opinions of counsel; and (4) Plaintiff agrees to produce additional witnesses to Defendants.

In their Resistance, Defendants characterize Plaintiff's Motion as an "eleventh hour" "litigation tactic" that would, if granted, "severely prejudice" Defendants. Defendants contend that they would be forced to conduct far-ranging discovery on the opinions of counsel while in the midst of filing dispositive motions and preparing for trial. The court held the *Markman* hearing in this matter approximately two months ago.

The court has repeatedly stressed to these parties the importance of abiding by court-imposed deadlines. For example, the court held a hearing on sanctions when Defendants failed to abide by certain discovery deadlines, and, at the conclusion of the hearing, Defendants agreed to pay Plaintiff's attorneys' fees. Now Plaintiff has failed to abide by a deadline, and it appears such failure was willful. *See, e.g.*, Defendants' Exhibit F, at 152-55 (testimony of Mr. Rissi). "What is sauce for the goose is sauce for the gander." *United States v. Vasquez-Garcia*, 449 F.3d 870, 873 (8th Cir. 2006), *petition for cert. filed*, No. 06-7269 (U.S. Oct. 18, 2006). To permit Plaintiff to decide to rely on opinions of counsel now would undoubtedly prejudice Defendants. *See generally In re Echostar Commc'ns Corp.*, 448 F.3d 1294 (explaining how the assertion of the opinions of counsel defense greatly impacts the course of discovery and future litigation of the case).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (docket no. 101) is **DENIED**.

Dated this 8th day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA